**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4864**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

          v.

CARLOS IBARRA-ZELAYA, a/k/a Carlos Zelay,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:07-cr-00096-D)

Submitted:  April 29, 2008          Decided:  May 20, 2008

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Ibarra-Zelaya pled guilty to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a)(2), (b)(2) (2000). He appeals his fifty-seven-month sentence, arguing that it is unreasonable. Finding no reversible error, we affirm.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. After calculating the appropriate advisory guidelines range, a district court should consider the resulting range in conjunction with the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) and determine an appropriate sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

This court reviews a sentence to determine whether it is reasonable, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 594 (2007). This court presumes that a sentence imposed within the properly calculated guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007). A district court must explain the sentence it imposes sufficiently for this court to effectively review its reasonableness, but need not mechanically discuss all the factors listed in § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007). The district court's explanation should indicate that it considered the

§ 3553(a) factors and the arguments raised by the parties.  Id. This court does not evaluate the adequacy of the district court's explanation "in a vacuum," but also considers "[t]he context surrounding a district court's explanation."  Id. at 381.

On appeal, Ibarra-Zelaya does not contest the calculation of his guidelines range.  Rather, he argues that the district court failed to consider the impact of the sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2006), which he claims was unduly severe and resulted in a sentence longer than necessary to achieve the purposes of 18 U.S.C.A. § 3553(a).  Specifically, he argues that this immigration guideline was enacted by the Sentencing Commission "with little deliberation and no empirical justification," and is therefore not entitled to the same deference as other guidelines.  He further posits that the enhancement, by double-counting his criminal history and distorting both the severity of the offense and the potential for recidivism, undermines the purposes of § 3553(a).

We find that Ibarra-Zelaya has not overcome the presumptive reasonableness of his sentence within the guidelines range.  The heart of Ibarra-Zelaya's appeal amounts to a policy attack on the applicable guidelines enhancement provision.  A sentence may be substantively unreasonable if the court misapplies the guidelines or "rejects policies articulated by Congress or the Sentencing Commission."  United States v. Moreland, 437 F.3d 424,

433 (4th Cir. 2006). Here, Ibarra-Zelaya argues that his sentence is unreasonable because the district court *failed to reject* a policy adopted by the Sentencing Commission. At sentencing, the district court, aware of its discretion to impose a sentence below the advisory guidelines range, specifically considered and rejected Ibarra-Zelaya's position as to USSG § 2L1.2 based on the facts of this case. The district court considered the § 3553(a) factors at length and concluded that neither Ibarra-Zelaya's criminal history category nor total offense level was overstated in any way and that the advisory guideline range was properly calculated and appropriate. We therefore find that Ibarra-Zelaya has not demonstrated that his sentence is unreasonable.

Accordingly, we affirm Ibarra-Zelaya's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>