**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 08-4041**

—————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

HECTOR MANUEL JIMENEZ-HERNANDEZ, a/k/a Hector Jimenez, a/k/a
Juan Morales-Ramirez,

                    Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.    James C. Dever, III,
District Judge.   (4:07-cr-00032-D-1)

—————

Submitted:  October 16, 2008          Decided:  October 30, 2008

—————

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————

Affirmed by unpublished per curiam opinion.

—————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Manuel Jimenez-Hernandez pled guilty without a plea agreement to unlawful reentry into the United States by a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2) (2000), and was sentenced to fifty-seven months in prison. Jimenez-Hernandez timely appealed. Finding no reversible error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact and considering the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008). Gall v. United States, 128 S. Ct. 586, 596 (2007). The court must give both parties "an opportunity to argue for whatever sentence they deem appropriate," and the district judge "may not presume that the Guidelines range is reasonable." Gall, 128 S. Ct. at 596-97. Instead, the court must make an "individualized assessment based on the facts presented." Id. at 597. This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v.

2

Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462, 2465 (2007) (permitting appellate courts to afford a presumption of reasonableness to a within-Guidelines sentence).

On appeal, Jimenez-Hernandez argues that the sixteen-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2007) for his prior felony drug offense in 1994 is excessive, overstates the magnitude of his criminal history, and results in an unreasonably severe sentence. He does not, however, contest the court's calculation of the guidelines range or assert any other procedural error. Specifically, he contends that this enhancement "was enacted by the Sentencing Commission with little deliberation or empirical justification," and thus, it is not entitled to the same deference as the other guidelines. Moreover, he posits that by double-counting his criminal history and distorting both the severity of the offense and the potential for recidivism, the enhancement undermines the purposes of § 3553(a).

We find that Jiminez-Hernandez has not overcome the presumptive reasonableness of his sentence within the guidelines range. His appeal amounts to a policy attack on the applicable guidelines enhancement provision. A sentence may be substantively unreasonable if the court misapplies the guidelines or "rejects policies articulated by Congress or the Sentencing Commission."

3

United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006). Here, Jiminez-Hernandez argues that his sentence is unreasonable because the district court failed to reject an enhancement adopted by the Sentencing Commission. The district court considered the § 3553(a) factors and concluded that the advisory guideline range was properly calculated and a sentence within that range was appropriate. We therefore find that Jiminez-Hernandez has not overcome the presumption of reasonableness afforded sentences imposed within the guidelines range.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED