**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4138**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HUMBERTO PALACIOS-HERRERA, a/k/a Mario Alberto Peralta-Del
Castillo, a/k/a Gustava De La Garza-Herrera, a/k/a Gustavo
De La Garza-Herrera,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Jerome B. Friedman, District
Judge.  (2:09-cr-00106-JBF-1)

———————

Submitted:  November 17, 2010    Decided:  December 3, 2010

———————

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Keith Loren
Kimball, Assistant Federal Public Defender, Caroline S. Platt,
Research and Writing Attorney, Norfolk, Virginia, for Appellant.
Neil H. MacBride, United States Attorney, William D. Muhr,
Assistant United States Attorney, Emily Sowell, Third-Year Law
Student, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Humberto Palacios-Herrera was convicted of illegally reentering the United States after having been convicted of a felony and deported, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). The district court sentenced him to seventy-two months in prison.

Palacios-Herrera contends that the admission of a warrant of deportation into evidence violated the Confrontation Clause of the Sixth Amendment. He also asserts that the warrant contains the observations of law enforcement officers and thus cannot be admitted pursuant to Fed. R. Evid. 803(8)(B).

We review evidentiary rulings implicating the Confrontation Clause de novo. United States v. Abu Ali, 528 F.3d 210, 253 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54 (2004). "As Crawford and later Supreme Court cases make clear, a statement must be 'testimonial' to be excludable under the Confrontation Clause." United States v. Udeozor, 515 F.3d 260, 268 (4th Cir. 2008) (citing Davis v. Washington, 547 U.S. 813 (2006)). Documents "created for the administration of an entity's affairs and not for the purpose of

2

establishing or proving some fact at trial . . . are not testimonial." Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2539-40 (2009).

A warrant of deportation is "not made in anticipation of litigation[.] . . . [I]t is simply a routine, objective cataloging of an unambiguous factual matter." United States v. Bahena-Cardenas, 411 F.3d 1067, 1075 (9th Cir. 2005). We conclude that the warrant of deportation is nontestimonial and therefore "not subject to the requirements of the Confrontation Clause." See United States v. Burgos, 539 F.3d 641, 645 (7th Cir. 2008) (collecting cases). Therefore, the district court did not err in admitting the warrant of deportation into evidence.

We further find that the district court did not abuse its discretion in admitting the warrant pursuant to Fed. R. Evid. 803(8)(B). Rule 803(8)(B) creates an exception to the hearsay rule for public records and reports setting forth "matters observed pursuant to a duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel." Fed. R. Evid. 803(8)(B).

As noted above, the warrant of deportation in question consisted of the routine, objective cataloging of a factual matter. Further, the warrant and notations have "none of the

3

features of the subjective report made by a law enforcement official in an on-the-scene investigation, which investigative reports lack sufficient guarantees of trustworthiness because they are made in an adversary setting and likely to be used in litigation."  United States v. Hernandez-Rojas, 617 F.2d 533, 535 (9th Cir. 1980); see also United States v. Agustino-Hernandez, 14 F.3d 42, 43 (11th Cir. 1994).

Finally, Palacios-Herrera contends that his sentence is unreasonable.  We review a sentence for reasonableness under an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  The first step in this review requires us to ensure that the district court committed no signficant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  Next, we review the substantive reasonableness of the sentence, examining "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).  On appeal, we presume that a sentence within a properly calculated guideline range is reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

4

We have reviewed the record and Palacios-Herrera's claims and find that his sentence is procedurally and substantively reasonable. The district court properly calculated the sentencing range under the advisory guidelines, addressed the relevant § 3553(a) factors, and imposed a sentence in the middle of the sentencing range. Palacios-Herrera's claim that the court erred in "double counting" his prior conviction for a base offense level and a criminal history category is without merit. See United States v. Crawford, 18 F.3d 1173, 1174 (4th Cir. 1994). Further, we reject Palacios-Herrera's assertion that his sentence is unreasonable because the guideline under which he was sentenced is not based on empirical study conducted by the Sentencing Commission. See United States v. Mondragon-Santiago, 564 F.3d 357, 366-67 (5th Cir.), cert. denied, 130 S. Ct. 192 (2009).

We accordingly affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5