**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4556**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DARIO MENDOZA-MENDOZA,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (4:08-cr-00032-BR-1)

———————

Submitted:  January 28, 2011        Decided:  February 18, 2011

———————

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Sebastian Kielmanovich, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2008, Dario Mendoza-Mendoza pled guilty to illegally reentering the United States after being removed, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Mendoza-Mendoza was sentenced to forty-six months' imprisonment. On appeal, this court vacated his sentence and remanded the case to the district court for resentencing. See United States v. Mendoza-Mendoza, 597 F.3d 212 (4th Cir. 2010).

At resentencing, the district court restated Mendoza-Mendoza's Guidelines calculations: his total offense level of twenty-one, combined with a criminal history category III, yielded an advisory sentencing range of forty-six to fifty-seven months' imprisonment. Although Mendoza-Mendoza's base offense level was eight, it was increased sixteen levels because of his prior North Carolina convictions for taking indecent liberties with a child, which qualified as a crime of violence. See U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(a), (b)(1)(A) (2007). After analyzing the 18 U.S.C. § 3553(a) (2006) sentencing factors and considering Mendoza-Mendoza's arguments for a below-Guidelines sentence, the district court again sentenced Mendoza-Mendoza to forty-six months' imprisonment. This appeal timely followed.

On appeal, Mendoza-Mendoza challenges the reasonableness of his sentence. With regard to the procedural

2

reasonableness component, Mendoza-Mendoza argues the district court failed to properly consider the unique mitigating circumstances involved in this case in conducting its analysis of the § 3553(a) sentencing factors. As to the substantive reasonableness issue, Mendoza-Mendoza first argues USSG § 2L1.2(b)(1)(A) is not entitled to deference because it was enacted without deliberation or empirical justification, and results in a sentence greater than necessary. Mendoza-Mendoza next contends the forty-six-month sentence over-punishes his offense conduct. For the reasons that follow, we reject these contentions and affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an

3

individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). If the court finds "no significant procedural error," it next assesses the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 346-47 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010).

In his sole argument pertaining to the procedural reasonableness of his sentence,[1] Mendoza-Mendoza argues the district court erred in its analysis of the § 3553(a) sentencing factors. Specifically, Mendoza-Mendoza asserts the district court should have afforded more mitigatory weight to the fact that he has maintained a long-term relationship with the victim of his prior criminal conduct, Heather Rowe.

The record establishes that the district court considered the relationship between Mendoza-Mendoza and Rowe in rendering its sentencing decision, but ultimately determined it was an insufficient basis for sentencing Mendoza-Mendoza below his properly calculated Guidelines range. At its core, Mendoza-

---

[1] Mendoza-Mendoza does not contest the calculation of his advisory Guidelines range.

4

Mendoza's argument asks this court to substitute its judgment for that of the district court. This we will not do. Accordingly, we hold Mendoza-Mendoza's sentence is procedurally reasonable.

We next consider the substantive reasonableness of the imposed sentence. In conducting substantive reasonableness review, this court must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." Gall, 552 U.S. at 51; see also United States v. Raby, 575 F.3d 376, 381 (4th Cir. 2009).

Mendoza-Mendoza first contends this court should not afford a presumption of reasonableness to the within-Guidelines sentence he received, because the sixteen-level enhancement authorized by USSG § 2L1.2(b)(1)(A) is an arbitrary guideline, enacted without deliberation or empirical justification, that should not be afforded deference. This argument amounts to a policy attack on the applicable enhancement provision, and we conclude it is without merit.[2]  Accord United States v.

---

[2] This court has previously rejected this very argument in several unpublished, non-binding decisions. See United States v. Ibarra-Zelaya, 278 F. App'x 290, 290-91 (4th Cir. 2008) (holding presumption of reasonableness not overcome simply because district court failed to reject policy of guideline); (Continued)

<u>Mondragon-Santiago</u>, 564 F.3d 357, 365-67 (5th Cir.) (explaining that, although "district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly[,] . . . if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based"), <u>cert. denied</u>, 130 S. Ct. 192 (2009).

Finally, Mendoza-Mendoza argues the forty-six-month sentence over-punishes his conduct — his third illegal entry into the United States — and thus is substantively unreasonable. Mendoza-Mendoza's argument asks this court to overlook the fact that his sentencing range was impacted, primarily, by his status of having been removed following a conviction for a crime of violence, and instead to view his offense conduct in isolation. We decline this request. Further, we hold that Mendoza-Mendoza's arguments do not overcome the presumption of reasonableness afforded his within-Guidelines sentence.

For the foregoing reasons, we affirm the district court's amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately

---

<u>see also</u> <u>United States v. Palacios-Herrera</u>, No. 10-4138, 2010 WL 4950000 (4th Cir. Dec. 3, 2010) (same); <u>United States v. Jimenez-Hernandez</u>, 311 F. App'x 578, 579 (4th Cir. 2008) (same), <u>cert. denied</u>, 129 S. Ct. 1598 (2009).

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED