**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5316**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ROSELIO   GARCIA-AGUILERA,   a/k/a   Paulino   Vargas-Valencia,
a/k/a Pedro Lopez-Lopez,

            Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (5:10-cr-00240-FL-1)

Submitted: July 28, 2011              Decided:  August 1, 2011

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   George  E.B.  Holding,  United  States  Attorney,
Jennifer P. May-Parker, Kristine L. Fritz, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roselio Garcia-Aguilera pled guilty to illegal reentry by a convicted felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). He was sentenced to 96 months' imprisonment. On appeal, Garcia-Aguilera argues that his sentence is not reasonable. We affirm.

We review Garcia-Aguilera's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. Garcia-Aguilera, however, does not contest the procedural reasonableness of his sentence.

In determining whether a sentence is substantively reasonable, this court "tak[es] into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). This court accords a sentence within a properly-calculated Guidelines range an appellate presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2011)] factors." United States v. Montes-Pineda, 445 F.3d

2

375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Here, the district court calculated an unchallenged advisory Guidelines range of seventy-seven to ninety-six months' imprisonment. Defense counsel argued for a sentence at the bottom of the Guidelines range in light of Garcia-Aguilera's impoverished childhood and long history of substance abuse. The district court ultimately accepted the Government's recommendation and sentenced Garcia-Aguilera at the top of the Guidelines range, noting his "egregious criminal history" and undeterred conduct over the years. To the extent Garcia-Aguilera argues that the district court should have adopted his policy argument relating to the applicable Guideline in this case directing a sixteen-level enhancement, the presumption of reasonableness is not overcome simply because the district court failed to reject the policy of a Guideline. See United States v. Mondragon-Santiago, 564 F.3d 357, 365-67 (5th Cir.) (explaining that, although "district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly[,] . . . if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based"), cert. denied, 130 S. Ct. 192 (2009). We conclude the district court did not abuse its discretion in sentencing

Garcia-Aguilera and that his sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED