<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4453**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ISAIAS SARABIA-SANTIAGO, a/k/a Adriano Primo,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver,
Jr., District Judge.  (2:10-cr-00183-1)

_____

Submitted:  September 26, 2011        Decided:  October 27, 2011

_____

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, George H. Lancaster, Jr., Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant.  R.
Booth Goodwin II, United States Attorney, Erik S. Goes,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2011, Isaias Sarabia-Santiago pled guilty to illegal reentry by a previously deported aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court granted Sarabia-Santiago's request for a downward variance from his advisory Guidelines range of forty-one to fifty-one months' imprisonment, and sentenced Sarabia-Santiago to a thirty-month term of imprisonment. In support of its variance decision and to explain the extent of that variance, the district court noted that: (1) Sarabia-Santiago committed the offense underlying his prior aggravated felony conviction at a relatively young age (19), he received a minimal term of imprisonment for that offense, and he had otherwise abided by the law; and (2) Sarabia-Santiago would not receive credit for the thirty-six days he served in administrative custody prior to commencement of his federal case. This appeal timely followed.

On appeal, Sarabia-Santiago challenges the reasonableness of his variance sentence. First, Sarabia-Santiago maintains the court should not have relied on U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2 (2010) to set the offense level because this guideline — and particularly the graduated increase in offense levels — has no "empirical support and does not reflect the Sentencing Commission's expert role in the federal sentencing system." (Appellant's Br. at 9).

2

Sarabia-Santiago next asserts the district court abused its discretion in denying his request for a variance based on the unwarranted sentencing disparities that result from the selected application of USSG § 5K3.1, p.s., the so-called "fast-track" disposition program. Sarabia-Santiago raised both of these arguments in the district court. For the reasons discussed below, we reject these contentions and affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007); see also United States v. Shealey, 641 F.3d 627, 634 (4th Cir.), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2011) (No. 11-5496). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). An

extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (alterations in original) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 165 (2010). Upon concluding there is "no significant procedural error," we next assess the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 346-47 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010).

Sarabia-Santiago first contends his sentence is unreasonable because the sixteen-level enhancement authorized by USSG § 2L1.2(b)(1)(A) is an arbitrary guideline, enacted without deliberation or empirical justification, that should not be afforded deference. This argument amounts to a policy attack on the applicable enhancement provision, and we conclude it is without merit.[1] Accord United States v. Mondragon–Santiago, 564

---

[1] We have previously rejected this very argument, albeit in unpublished, non-binding decisions. See United States v. Palacios-Herrera, 403 F. App'x 825, 827 (4th Cir. 2010) (unpublished) (rejecting defendant's challenge to the reasonableness of his sentence "because the guideline under
(Continued)

4

F.3d 357, 365–67 (5th Cir.) (explaining that, although "district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly[,] . . . if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based"), cert. denied, 130 S. Ct. 192 (2009).

Sarabia-Santiago next assigns error to the district court's decision not to vary downward on the basis of the sentencing disparities that result from selected application of the fast-track program.[2]  While Sarabia-Santiago concedes his argument is contrary to this court's decision in United States v. Perez-Pena, 453 F.3d 236 (4th Cir. 2006), he questions whether the Supreme Court's decision in Kimbrough v. United

---

which he was sentenced is not based on empirical study conducted by the Sentencing Commission"), cert. denied, 131 S. Ct. 2918 (2011); United States v. Jimenez-Hernandez, 311 F. App'x 578, 579 (4th Cir. 2008) (unpublished) (same); see also United States v. Garcia-Aguilera, No. 10-5316, 2011 WL 3268202 (4th Cir. Aug. 1, 2011) (unpublished) (holding presumption of reasonableness not overcome simply because district court failed to reject policy of guideline); United States v. Mendoza-Mendoza, 413 F. App'x 600, 602 (4th Cir.) (unpublished) (same), cert. denied, 131 S. Ct. 3078 (2011).

[2] "'Fast-tracking' refers to a procedure that originated in states along the United States-Mexico border, where district courts experienced high caseloads as a result of immigration violations."  United States v. Perez-Pena, 453 F.3d 236, 238 (4th Cir. 2006).  In conformity with that practice, prosecutors seek to obtain pre-indictment pleas by offering to move for a downward departure under USSG § 5K3.1, p.s.

States, 552 U.S. 85, 109-10 (2007), effectively overruled Perez-Pena.

In Perez-Pena, this court held that the disparities resulting from the limited application of the fast-track program, USSG § 5K3.1, p.s., "are 'warranted' as a matter of law," as "the disparity is due not to the location of the arrest, but rather to the fact that the Government offered only one of the defendants a plea bargain." Perez-Pena, 453 F.3d at 242-43. Although Sarabia-Santiago is correct that this court has not revisited Perez-Pena since Kimbrough, Perez-Pena is still controlling in this Circuit.[3]

In the alternative, Sarabia-Santiago contends the district court erroneously concluded there was no disparity between Sarabia-Santiago's sentencing range and that of those defendants who receive a fast-track disposition. Specifically, Sarabia-Santiago takes issue with the district court's reliance on the fact that Sarabia-Santiago did not agree to the required waiver provisions, arguing those waivers are a *quid pro quo* for the Government's offer of a downward departure, which was not

---

[3] Moreover, we note that the record clearly establishes that the district court accepted defense counsel's contention that it had the authority to vary on this basis. Thus, although raised in Sarabia-Santiago's appellate brief, whether Kimbrough permits a sentencing court to vary on this basis is not implicated in this case.

made in this case because the fast-track program is not available in the Southern District of West Virginia.

This argument attempts to capitalize on the causality dilemma inherent in those cases where a fast-track disposition is not authorized. The fact remains, however, that Sarabia-Santiago did not execute those waivers that would have been necessary for a fast-track disposition. Accordingly, we conclude the district court did not err in finding this a significant distinction between Sarabia-Santiago and those defendants who receive the benefit of USSG § 5K3.1, p.s. See id. at 243 (explaining that to compare "the sentences of defendants who helped the Government to those of defendants who did not — regardless of why some were in a position to help and others were not — is comparing apples and oranges").

Finally, Sarabia-Santiago asserts that his variance sentence is substantively unreasonable. It is axiomatic that, when reviewing the substantive reasonableness of the district court's sentence, this court must assess the degree to which the district court varied from the defendant's advisory Guidelines range. Gall, 552 U.S. at 51. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id. Here, the district court properly calculated the advisory Guidelines range, considered the

7

§ 3553(a) factors, and explained the basis for its decision to vary downward from the Guidelines range by four levels. Accordingly, we hold Sarabia-Santiago's sentence is substantively reasonable.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED