**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4607**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

RICARDO ELVIN MARTINEZ, a/k/a Ricardo Martinez-Selvin,
a/k/a Ricardo Martinez-Servin, a/k/a Jose Lopez Diaz,

                 Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Robert G. Doumar, Senior
District Judge.  (2:10-cr-00164-RGD-DEM-1)

Submitted:  December 14, 2011       Decided:  January 4, 2012

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Richard J.
Colgan, Assistant Federal Public Defender, Caroline S. Platt,
OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for
Appellant.  Neil H. MacBride, United States Attorney, Katherine
Lee Martin, Assistant United States Attorney, Norfolk, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIUM:

Ricardo Elvin Martinez pled guilty to illegally reentering the United States after having been deported subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). Martinez received a within-Guidelines ninety-month sentence. On appeal, Martinez argues that his sentence is substantively unreasonable. Finding no error, we affirm.

We review a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). Such review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 41; see United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Martinez does not challenge the procedural reasonableness of his sentence. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that party's failure to raise issue in opening brief results in abandonment of issue).

We examine the substantive reasonableness of a sentence under the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court accords a sentence within a properly calculated Guidelines range an appellate presumption of reasonableness. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). Such a

2

presumption is rebutted only by showing "that the sentence is unreasonable when measured against the [18 U.S.C. § 3553(a) (2006)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Martinez argues that his sentence should not be afforded a presumption of reasonableness because the sixteen-level enhancement he received pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A) (2010) is not based on the Sentencing Commission's characteristic institutional role of empirical study. This argument amounts to a policy attack on USSG § 2L1.2(b)(1)(A), and we conclude it is without merit.[*] Accord United States v. Mondragon-Santiago, 564 F.3d 357, 366-67 (5th Cir. 2009) (recognizing that appellate courts are "not require[d to] discard[] the presumption [of reasonableness] for sentences based on non-empirically-grounded Guidelines" and applying presumption accordingly).

Martinez also argues that his sentence, driven by the sixteen-level enhancement, is unreasonably large and over-punishes his conduct. However, it is apparent from the record that the district court considered Martinez's argument

---

[*] This court previously has rejected this argument in several unpublished opinions. See, e.g., United States v. Mendoza-Mendoza, 413 F. App'x 600, 602 (4th Cir.) (No. 10-4556) (collecting cases), cert. denied, 131 S. Ct. 3078 (2011).

3

for a downward departure and had a reasoned basis for its decision to impose a within-Guidelines sentence in light of Martinez's extensive criminal history and its reasoned analysis of the relevant § 3553(a) factors. We conclude that the district court did not abuse its discretion in imposing a within-Guidelines sentence, and we hold that the sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4