**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4403**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

LUIS FERNANDO PEREZ-GONZALEZ,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:10-cr-00306-BR-1)

Submitted:  November 22, 2011        Decided:  January 12, 2012

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dhamian Blue, BLUE, STEPHENS & FELLERS, LLP, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Fernando Perez-Gonzalez pled guilty to illegally reentering the United States after being removed as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court imposed a seventy-eight month sentence. The sole issue Perez-Gonzalez raises on appeal is a challenge to the reasonableness of his sentence. For the following reasons, we affirm the district court's judgment.

This court reviews sentences for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court properly calculated the defendant's advisory Guidelines range, we must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, the appellate court reviews the substantive

reasonableness of the sentence. Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Perez-Gonzalez first contends his sentence is procedurally unreasonable because the district court did not properly consider the § 3553(a) factors and provide him an individualized sentence. We have carefully reviewed the sentencing transcript and conclude that the district court meaningfully considered Perez-Gonzalez's argument for a downward departure or variance and denied it based on several relevant § 3553(a) factors, including Perez-Gonzalez's history, characteristics, and the nature and circumstances of his offense, 18 U.S.C. § 3553(a)(1); the need to promote respect for the law and provide just punishment, 18 U.S.C. § 3553(a)(2)(A); the need to afford adequate deterrence in light of Perez-Gonzalez's history of recidivism, 18 U.S.C. § 3553(a)(2)(B); and the need to protect the public from Perez-Gonzalez's further crimes, 18 U.S.C. § 3553(a)(2)(C). We further conclude the district court's explanation of its chosen sentence was sufficient "to satisfy the appellate court that [it had] considered the parties' arguments and [had] a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).

Next, Perez-Gonzalez maintains the addition of two criminal history points under U.S. Sentencing Guidelines Manual

3

("USSG") § 4A1.1(d) (2010) resulted in the overrepresentation of his criminal history. Section 4A1.1(d) authorizes the additional points "if the defendant committed the instant offense while under any criminal justice sentence, including . . . escape status." The record establishes, and Perez-Gonzalez admits, he was subject to a California fugitive warrant at the time of the instant offense. We therefore conclude the application of § 4A1.1(d) was proper.

Finally, Perez-Gonzalez contests the substantive reasonableness of his sentence. Where, as here, the sentence imposed is within the appropriate Guidelines range, this court may consider it presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Perez-Gonzalez argues this court should not afford a presumption of reasonableness to his within-Guidelines sentence because the sixteen-level enhancement authorized by USSG § 2L1.2(b)(1)(A) was enacted without deliberation or empirical support and that sentences based upon it should not be afforded deference on appeal. We recently rejected the same argument in United States v. Mendoza-Mendoza, 413 App'x 600, 602 & n.2 (4th

4

Cir.), <u>cert. denied</u>, 131 S. Ct. 3078 (2011), and do the same here.  <u>Accord</u> <u>United States v. Duarte</u>, 569 F.3d 528, 529-31 (5th Cir. 2009) (rejecting similar argument).  We further hold that Perez-Gonzalez's arguments do not otherwise overcome the presumption of reasonableness afforded his within-Guidelines sentence.

For the foregoing reasons, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5