**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4333**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

JOSE ELIAS ROMERO-MARTINEZ, a/k/a Armando Calderon Sol,
a/k/a Juan Ramirez,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Malcolm J. Howard,
Senior District Judge.  (5:11-cr-00328-H-1)

Submitted:  November 20, 2012    Decided:  December 18, 2012

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Yvonne V. Watford-McKinney, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Without the benefit of a written plea agreement, Jose Elias Romero-Martinez, a native and citizen of Mexico, pled guilty to illegally reentering the United States following his removal as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Romero-Martinez to thirty-three months' imprisonment. On appeal, Romero-Martinez contends that his sentence is substantively unreasonable. For the following reasons, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Diosdado–Star, 630 F.3d 359, 363 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). Where, as here, the sentence is within the properly calculated Guidelines range, we apply a presumption that the sentence is substantively reasonable. See United States v. Bynum, 604 F.3d 161 (4th Cir.), cert. denied, 130 S. Ct. 3442 (2010).

Despite our circuit precedent, Romero-Martinez asserts that the district court's sentence is not entitled to a presumption of reasonableness because the U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2011) enhancement for a prior deportation following a crime of

2

violence unfairly punishes the defendant for prior conduct. This argument amounts to a policy attack on the Guidelines, and is without merit.[*]  Accord United States v. Mondragon-Santiago, 564 F.3d 357, 367 (5th Cir. 2009).  The only other arguments that Romero-Martinez offers pertain to the weight given by the district court to certain factors in Romero-Martinez's background and his current family situation.  We conclude that these arguments are not sufficient to rebut the presumption of reasonableness.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] This court has previously rejected the same argument, albeit in unpublished, non-binding decisions.  See United States v. Mendoza-Mendoza, 413 F. App'x 600, 601-02 (4th Cir. 2011); United States v. Ibarra-Zelaya, 278 F. App'x 290, 90-91 (4th Cir. 2008).

3