**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4073**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEJANDRO MARTINEZ-BARRERA,

Defendant - Appellant.

_____

**No. 13-4074**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEJANDRO MARTINEZ-BARRERA,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge. (5:12-cr-00281-BO-1; 5:10-cr-00389-BO-1)

_____

Submitted:  September 10, 2013     Decided:  September 23, 2013

_____

Before AGEE, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Martinez-Barrera pled guilty, without a plea agreement, to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Because of this criminal conduct, Martinez-Barrera's probation officer petitioned the court to revoke Martinez-Barrera's supervised release, which followed a term of imprisonment on a prior conviction for illegal reentry by an aggravated felon. The court conducted Martinez-Barrera's sentencing and revocation hearings in the same proceeding and sentenced Martinez-Barrera to seventy months' imprisonment for the illegal reentry conviction, revoked his supervised release, and imposed a consecutive revocation sentence of twelve months' imprisonment. Martinez-Barrera appeals both sentences on the ground that they are substantively unreasonable. We affirm.

We review Martinez-Barrera's sentence for his illegal reentry conviction "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances" and, if the sentence is within the properly-calculated Guidelines range, as it is here, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). Such a presumption is

3

rebutted only if the defendant shows "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2006)] factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Martinez-Barrera disputes this standard of review and argues that his sentence should not be afforded a presumption of reasonableness because the sixteen-level enhancement he received pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A) (2012) is not based on an empirical study by the Sentencing Commission, unfairly punishes defendants for prior conduct that is already accounted for in their criminal history scores, and does not accurately reflect the risk of recidivism.  These arguments amount to a policy attack on USSG § 2L1.2(b)(1)(A), which we conclude, as we have done repeatedly, is without merit.  See, e.g., United States v. Romero-Martinez, 500 F. App'x 215, 216 n.* (4th Cir. 2012) (No. 12-4333); United States v. Crawford, 18 F.3d 1173, 1178-80 (4th Cir. 1994) (rejecting argument that sixteen-level enhancement results in impermissible double-counting); cf. United States v. Mondragon-Santiago, 564 F.3d 357, 366-67 (5th Cir. 2009) (recognizing that appellate courts are "not require[d to] discard[] the presumption [of reasonableness] for sentences based on non-empirically-grounded Guidelines" and applying presumption accordingly).  We similarly reject Martinez-Barrera's argument

4

that, because the Sentencing Commission did not base the sixteen-level enhancement on empirical data, its determinations are not entitled to deference.

After reviewing the record and the parties' briefs, we conclude that Martinez-Barrera's seventy-month, within-Guidelines sentence is not substantively unreasonable, as he fails to overcome the appellate presumption of reasonableness afforded his sentence. Indeed, Martinez-Barrera makes no arguments apart from the meritless policy attacks on § 2L1.2(b)(1)(A). We also note that Martinez-Barrera has a long history of reentering the United States illegally and, while in the United States, has committed several drug-related offenses. Moreover, we conclude that it was not unreasonable for the district court to distrust Martinez-Barrera's assurance that he will not reenter the United States, as he already had made and broken that promise. Accordingly, we conclude that Martinez-Barrera's sentence for his illegal reentry conviction was substantively reasonable, as it was not greater than necessary to accomplish the goals of § 3553(a).

Next, in examining Martinez-Barrera's revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal

5

quotation marks omitted). A sentence imposed upon revocation of supervised release should be affirmed if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, "we first decide whether the sentence is unreasonable," following the same general principles we apply to our review of original sentences. Id. at 438. Only if we find that a sentence is either procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Id. at 440. A defendant's breach of trust is "a perfectly appropriate basis — and, in fact, the principal basis on which the Guidelines encourage courts to ground revocation sentences." United States v. Bennett, 698 F.3d 194, 202 (4th Cir. 2012), cert. denied, 133 S. Ct. 1506 (2013). "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks omitted).

After reviewing the record, it is apparent that the district court imposed Martinez-Barrera's revocation sentence because he breached the court's trust — a permissible factor.

Moreover, the twelve-month revocation sentence is within the statutory maximum. See 18 U.S.C. § 3583(e)(3) (2006). Given the district court's broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum, we conclude that Martinez-Barrera's revocation sentence is substantively reasonable. See Crudup, 461 F.3d at 439 (stating that, if sentence is reasonable, inquiry ends).

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED