**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4699**

─────────────

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

   v.

MOISES HERNANDEZ-OSORIO,

       Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:14-cr-00054-F-1)

─────────────

Submitted: May 19, 2015          Decided: May 22, 2015

─────────────

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moises Hernandez-Osorio pled guilty to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). Hernandez-Osorio was sentenced to 57 months in prison. He now appeals, claiming that his sentence is substantively unreasonable. We affirm.

We review Hernandez-Osorio's sentence "under a deferential abuse-of-discretion standard." See Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances," United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010), and, if the sentence is within or below the properly calculated Guidelines range, we presume that the sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). This presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." Id.

Hernandez-Osorio disputes this standard of review and argues that his within-Guidelines sentence should not be afforded a presumption of reasonableness because the sixteen-level enhancement he received pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2013) was not based on an empirical study by the Sentencing Commission,

2

unfairly punishes defendants for conduct that is accounted for in their criminal history scores, and does not accurately reflect the risk of recidivism. His argument amounts to a policy attack on USSG § 2L1.2(b)(1)(A). We have consistently rejected such attacks in other cases. See, e.g., United States v. Martinez-Barrera, 539 F. App'x 266, 267-68 (4th Cir. 2013) (No. 13-4073), cert. denied, 134 S. Ct. 1330 (2014); United States v. Romero-Martinez, 500 F. App'x 215, 216 n.* (4th Cir. 2012) (No. 12-4333).

We conclude that the sentence is substantively reasonable and that Hernandez-Osorio has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED